FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2015 JUN 16  A 10: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

KLUMBA.UA, LLC

*Plaintiff,*

v.

DMYTRO DUBYNA

and

KLUMBA.COM LTD

*Defendants.*

CASE NO. 1:15-CV-760
(GBL/MSN)

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, Klumba.UA, LLC, by and through its attorneys, Ismail T. Shahtakhtinski of I.S. Law Firm, PLLC and John Di Giacomo of Revision Legal, PLLC, states as follows:

### I.      PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Klumba.UA, LLC ("LLC") is a limited liability company organized under the laws of Ukraine with its principal place of business in Dnepropetrovsk, Ukraine.

2.      Defendant Dmytro Dubyna ("Dubyna") is an individual, citizen of Ukraine.

3.      Defendant Klumba.com, LTD ("LTD"), according to the information and belief, is a Ukrainian Limited Liability Company with the principal place of business in Kyiv, Ukraine.

4.      The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

5.      This Court has in rem jurisdiction over the claims in this Complaint under the

Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125, because the domain name

which is the subject of this litigation has its *situs* in this judicial district, the domain name

registry and registrar are located in Virginia, the domain name violates the plaintiff's

rights to the trademark "Klumba" protected under the Act, and the plaintiff is not able to

obtain in personam jurisdiction over the defendants.

## II.   PLAINTIFF'S BUSINESS AND HISTORY

6.      Plaintiff, LLC is an internet company formed on September 30, 2010 by the following

four partners in the following proportion of ownership interest:

Andrey Khorsev – 25%

Aleksey Ivankin – 25%

Dmytro Dubyna – 25%

Natalia Zueva – 25%

7.      Plaintiff owned and operated an e-commerce website with domain name of <klumba.ua>,

a website selling products and providing information online to the Ukrainian public and

Ukrainians located in the United States.

8.      .UA is the internet country code top-level domain (domain extension) for Ukraine.

9.      Sometime in 2012, Plaintiff began offering advertisements on its website <klumba.ua>,

which were provided by Google through the Google AdSense program. Plaintiff's display

and offering of AdSense advertisements through <klumba.ua> was very successful,

generating approximately $12,000-15,000 in monthly revenues for Plaintiff.

10.     In November of 2012, Plaintiff registered and obtained the domain name <klumba.com>

and used that domain name to mirror Plaintiff's site <klumba.ua>.

11.   The domain <klumba.com> was registered by Aleksey Ivankin, one of the members of the Plaintiff LLC. Aleksey Ivankin listed the Plaintiff LLC as the Registrant, Administrative Contact, and Technical Contact for the domain <klumba.com> and listed the e-mail address <klumbiko@gmail.com> for all three domain contacts. The e-mail address <klumbiko@gmail.com> was under the exclusive control of Aleksey Ivankin.

12.   Domain <klumba.com> mirrored <klumba.ua>, and, gradually, consumers, including United States-based consumers, began primarily using <klumba.com> only. Consequently, the site <klumba.com> gained substantial popularity and value. At that time, the domain <klumba.com> was generating approximately $20,000 in monthly advertisement revenues.

13.   In March of 2013, the members of Plaintiff agreed to use a US entity for easy receipt of payments from Google. For this purpose the members agreed to use 908, Inc. a California corporation owned by two of the members of Plaintiff LLC, Aleksey Ivankin and Andrey Khorsev. The agreement was that the payments from Google would be made to 908, Inc. and 908, Inc. would distribute the proceeds among the members of Plaintiff LLC.

14.   In December of 2013, payments from Google to 908, Inc. suddenly stopped, and Plaintiff lost access to the domain <klumba.com>.

15.   A query on WHOIS revealed that the ownership and control of the domain was transferred to Dmytro Dubyna. The new registrar data showed Dmytro Dubyna as the registrant and administrative contact, with the following e-mail address: <dima.dubina@gmail.com>.

16.   In effect, the change of the registrant information to Dmytro Dubyna constituted the transfer of the <klumba.com> domain name to Mr. Dubyna.

3

17. Plaintiff and Aleksey Ivankin did not authorize and were not aware of the transfer of the domain to Defendant Dubyna.

18. The WHOIS database associated with klumba.com now reflects that the owner of the domain <klumba.com> is the Defendant LTD, "Klumba.com LTD", an unknown entity with name similar to Plaintiff's.

### III. PLAINTIFF'S MARKS

19. In 2008, the members of Plaintiff LLC registered the domain name klumba.ua.

20. In 2010, Plaintiff was registered and formed in Ukraine as a Limited Liability Company, under the name "Klumba.ua, LLC."

21. Since as early as June 22, 2010, Plaintiff has consistently and exclusively used KLUMBA as a mark in the United States to indicate the origin or source of goods or services for its website services, specifically, providing information to young or expecting parents.

22. KLUMBA is inherently distinctive or, in the alternative, has become distinctive by acquiring secondary meaning through Plaintiff's longstanding use of the KLUMBA mark in commerce.

23. Plaintiff has used the KLUMBA mark specifically to offer information to United States consumers, as well as consumers in the Ukraine.

24. As a result of its longstanding and exclusive use, Plaintiff is the owner of the KLUMBA mark and has acquired common law rights in and to that mark in the United States.

### IV. DEFENDANTS' UNLAWFUL ACTIONS

25. Defendant Dubyna stole the ownership and control of the domain klumba.com from Plaintiff without authorization.

4

26.   Defendant Dubyna obtained unauthorized access to Aleksey Ivankin's e-mail account, or exceeded access which was previously granted thereto, which is associated with the email address klumbiko@gmail.com, to transfer the ownership of the domain to himself.

27.   Defendant Dubyna then, without any authorization, transferred the ownership and control of the Plaintiff's domain name to himself and then to Defendant LTD, a sham entity created for the specific purpose of stealing and controlling the Plaintiff's domain.

28.   Defendant Dubyna, further without authorization, diverted the payments from Google to his own bank account.

29.   As of the time of filing of this suit, estimated $360,000 in advertising revenues had been usurped from Plaintiff by Defendant Dubyna and Defendant Klumba.com, LTD.

## COUNT I
### Cybersquatting Under the Anticybersquatting Consumer Protection Act
### – 15 U.S.C. § 1125(d)

30.   Plaintiff relates and incorporates the preceding paragraphs as though fully restated herein.

31.   Plaintiff is the owner of exclusive rights in and to the KLUMBA trademark for use in association with providing information to young or expecting parents.

32.   The <klumba.com> domain name is identical to the KLUMBA mark with the addition of the .com top-level domain name suffix.

33.   Defendants, Dubyna and LTD registered, used, and trafficked in the <klumba.com> domain name with a bad faith intent to profit from the use of Plaintiff's trademark.

34.   Plaintiff's trademark KLUMBA was distinctive at the time of Defendants' registration, trafficking in, conversion, and/or use of the <klumba.com> domain name.

35.   Defendants registered, converted, and/or used the <klumba.com> domain name with knowledge of Plaintiff's common law trademarks.

36.   Defendants do not have any intellectual property rights or any other rights in Plaintiff's KLUMBA mark or the domain name.

37.   Defendant registered, used, and trafficked in the <klumba.com> domain name with the intent to divert users from Plaintiff to Defendant for Defendant's own commercial gain, namely, to divert advertisement revenues from Plaintiff to Defendant by creating a likelihood of confusion as to the source, sponsorship, or endorsement of Plaintiff's website.

38.   Defendant Dubyna's conversion of, registration under his name, and trafficking in the <klumba.com> domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

39.   By reasons of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

40.   By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in the amount of one hundred thousand dollars per domain name.

41.   This an exceptional case, making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

## COUNT II
### Breach of Fiduciary Duty of Loyalty

42.   Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

43.     Defendant Dubyna, as a member of Plaintiff, Klumba.ua, LLC, is tasked with a duty of loyalty to Plaintiff.

44.     Defendant Dubyna, as an employee of Plaintiff, is tasked with a duty of loyalty to Plaintiff.

45.     Defendant Dubyna, both as a member of Plaintiff and as an employee of Plaintiff, unilaterally and without authorization transferred the ownership of Plaintiff's domain to himself and then subsequently to Defendant Klumba.com, LTD.

46.     Defendant Dubyna, both as a member of Plaintiff and as an employee of Plaintiff, unilaterally and without authorization diverted the proceeds from the sale of advertisement on klumba.com to himself.

47.     Defendant Dubyna, both as a member of Plaintiff and as an employee of Plaintiff, unilaterally and without authorization entered into a transaction in which he had a personal interest in the outcome without the approval of the disinterested members and Plaintiff.

48.     Defendant Dubyna, both as a member of Plaintiff and as an employee of Plaintiff, unilaterally usurped a corporate opportunity of Plaintiff without the approval of Plaintiff or disinterested members.

49.     The above-described acts of Defendant Dubyna constitute a breach of the fiduciary duty of loyalty.

50.     By reason of Defendant Dubyna's acts, Plaintiff has suffered damages.

## COUNT III
### False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a)

51.     Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

52. Defendants' use in commerce of the KLUMBA mark is likely to cause confusion, mistake and to deceive the relevant public by suggesting that Defendants' website, products, and services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

53. Defendants' use of the KLUMBA mark is likely to cause confusion among the general public.

54. The above-described acts of Defendants constitute unfair competition and trademark infringement of the KLUMBA mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitled Plaintiff to relief.

55. Defendants have unfairly profited from the actions alleged.

56. By reason of Defendants' acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with the KLUMBA mark.

57. Defendants' activities have irreparably harmed and, if not enjoined, will continue to harm Plaintiff and KLUMBA marks.

58. Defendants' activities have irreparably harmed and, if not enjoined, will continue to harm the general public which has an interest in being free from confusion, mistake, and deception.

59. By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

60. By reason of Defendants' willful acts, Plaintiff is entitled to damages, including but not limited to treble damages under 15 U.S.C. § 1117.

61. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT IV
### Violation of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030

62. Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

63. Defendant Dubyna accessed a protected computer, namely, Plaintiff's domain name registrant account, knowingly and with an intent to defraud.

64. Defendant Dubyna accessed Plaintiff's domain name registrant account without authorization from Plaintiff or by exceeding authorized access previously granted.

65. By means of Defendant's conduct, Defendant furthered his intended fraud and obtained the <klumba.com> domain name.

66. By means of Defendant's conduct, Defendant furthered his intended fraud and redirected electronic mail intended to reach Plaintiff's technical and administrative contact.

67. By means of Defendant's conduct, Defendant caused loss aggregating at least $5,000 in value.

68. As a result of Defendant's knowing, fraudulent, and unauthorized access to Plaintiff's domain name registrant account, Defendant has caused economic damage and loss to Plaintiff.

## COUNT V
### Tortious Interference with Contractual Relations

69. Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

70. Plaintiff had a contractual expectancy with specifically identified clients, including Google.

71. Defendants Dubyna and LTD knew of Plaintiff's contractual expectancy.

72. Defendants Dubyna and LTD knowingly and intentionally interfered with Plaintiff's contractual expectancy with its clients, by, among other things, offering Plaintiff's products and suggesting source, sponsoring, affiliation, or endorsement of the Defendants' website, products and services by Plaintiff and misrepresenting the ownership of the domain name <klumba.com>.

73. Defendants Dubyna and ITD used improper means or methods to knowingly and intentionally interfere with Plaintiff's contractual expectancy with its clients.

74. As a result of Defendants Dubyna and LTD's interference with Plaintiff's contractual expectancy, Plaintiff suffered losses.

75. Plaintiff's losses have resulted in damages to Plaintiff.

## COUNT VI
### Tortious Interference With Prospective Economic Advantage

76. Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

77. Plaintiff had a business relationship or expectancy with specifically identified clients that had a reasonable profitability of resulting in future economic benefit.

78. Defendants Dubyna and ITD had prior knowledge of Plaintiff's business relationship or expectancy.

79. Defendants Dubyna and LTD knowingly and intentionally interfered with Plaintiff's business relationship or expectancy, by, among other things, offering Plaintiff's products

10

and suggesting source, sponsorship, affiliation, or endorsement of the Defendant's site, products, and services by Plaintiff.

80. Absent Defendants' intentional misconduct, Plaintiff would have continued in the relationship or realized the expectancy.

81. As a result of Defendants Dubyna and LTD's interference with Plaintiff's contractual expectancy, Plaintiff suffered losses.

82. Plaintiff's losses have resulted in damages to Plaintiff.

## COUNT VII
## Unfair Competition

83. Plaintiff restates and incorporates the preceding paragraphs above as though fully restated herein.

84. Defendants use in commerce of the KLUMBA mark is likely to cause confusion, mistake, and/or to deceive the consumers.

85. The above-described acts of Defendants constitute unfair competition under Virginia common law.

86. Defendants have unfairly profited from the infringing actions alleged.

87. By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill associated with KLUMBA mark.

88. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and KLUMBA mark.

89. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

90.     By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief.

91.     By reason of Defendants' willful acts, Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A.  That the Court issue temporary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors, and assignees, and all others in active concern or participation with Defendants, be enjoined and restrained from:

    a.  Registering, using, or trafficking in any domain name that is identical or confusingly similar to Plaintiff's KLUMBA mark, or any colorable imitation thereof, including but not limited to the <klumba.com> domain name;

    b.  Infringing Plaintiff's trademarks and service marks, including KLUMBA mark;

    c.  Assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

B.  That the Court order the transfer of the <klumba.com> domain name to Plaintiff;

C.  That the Court award Plaintiff actual damages, consequential damages, and statutory damages;

D.  That the Court order Defendants to disgorge all ill-gotten gains;

E.  That the Court award Plaintiff its attorneys' fees and costs; and

12

F.  That the Court grant Plaintiff all other relief to which it is entitled and such other or

additional relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all matters triable as of right in the instant

cause of action.

Respectfully submitted this ___16th___ day of June 2015.

By: _____

Ismail T. Shahtakhtinski, Esq.
VSB # 75409
Attorney for KLUMBA.UA, LLC
I.S. Law Firm, PLLC
1199 N. Fairfax St., Suite 702
Alexandria, VA 22314
T: (703) 527-1779
F: (703) 778-0369
ismail@islawfirm.com

By: _____

John Di Giacomo, Esq.
Michigan Bar No. P73056
Attorney for KLUMBA.UA, LLC
Revision Legal, PLLC
148 E. Front Street, 3rd Floor
Traverse City, MI 49684
T: (231) 714-0100
F: (231) 714.0200
john@revisionlegal.com