**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **KLUMBA.UA, LLC** <br><br> and <br><br> *Plaintiff,* <br><br> v. <br><br> **KLUMBA.COM, a res,** <br><br> *Defendant.* | CASE NO. 1:15-cv-00760 |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, Klumba.UA, LLC, by and through its attorneys, Ismail T. Shahtakhtinski of I.S. Law Firm, PLLC and John Di Giacomo of Revision Legal, PLLC, states as follows:

**I.     PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Klumba.UA, LLC ("LLC") is a limited liability company organized under the laws of Ukraine with its principal place of business in Kyiv, Ukraine.

2. Dmytro Dubyna ("Dubyna") is an individual citizen of Ukraine.

3. Klumba.com, LTD ("LTD"), according to the information and belief, is a Ukrainian Limited Liability Company with the principal place of business in Kyiv, Ukraine.

4. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

5. This Court has in rem jurisdiction over the res in this Complaint under the Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125, because the domain name which is the

1

subject of this litigation has its *situs* in this judicial district, the domain name registry and registrar are located in Virginia, the domain name violates the plaintiff's rights to the trademark "Klumba" protected under the Act, and the plaintiff is not able to obtain in personam jurisdiction over the defendants.

## II. PLAINTIFF'S BUSINESS AND HISTORY

6. Plaintiff, LLC is an internet company formed on September 30, 2010 by the following four partners in the following proportion of ownership interest:

    Andrey Khorsev – 25%

    Aleksey Ivankin – 25%

    Dmytro Dubyna – 25%

    Natalia Zueva – 25%

7. Plaintiff owned and operated an e-commerce website with domain name of <klumba.ua>, a website selling products and providing information online to the Ukrainian public and Ukrainians located in the United States.

8. .UA is the internet country code top-level domain (domain extension) for Ukraine.

9. Sometime in 2012, Plaintiff began offering advertisements on its website <klumba.ua>, which were provided by Google through the Google AdSense program. Plaintiff's display and offering of AdSense advertisements through <klumba.ua> was very successful, generating approximately $12,000-15,000 in monthly revenues for Plaintiff.

10. In November of 2012, Plaintiff registered and obtained the domain name <klumba.com> and used that domain name to mirror Plaintiff's site <klumba.ua>.

11. The domain <klumba.com> was registered by Aleksey Ivankin, one of the members of the Plaintiff LLC. Aleksey Ivankin listed the Plaintiff LLC as the Registrant,

         Administrative Contact, and Technical Contact for the domain <klumba.com> and listed the e-mail address <klumbiko@gmail.com> for all three domain contacts. The e-mail address <klumbiko@gmail.com> was under the exclusive control of Aleksey Ivankin.

12. Domain <klumba.com> mirrored <klumba.ua>, and, gradually, consumers, including United States-based consumers, began primarily using <klumba.com> only. Consequently, the site <klumba.com> gained substantial popularity and value. At that time, the domain <klumba.com> was generating approximately $20,000 in monthly advertisement revenues.

13. In March of 2013, the members of Plaintiff agreed to use a US entity for easy receipt of payments from Google. For this purpose the members agreed to use 908, Inc. a California corporation owned by two of the members of Plaintiff LLC, Aleksey Ivankin and Andrey Khorsev. The agreement was that the payments from Google would be made to 908, Inc. and 908, Inc. would distribute the proceeds among the members of Plaintiff LLC.

14. In December of 2013, payments from Google to 908, Inc. suddenly stopped, and Plaintiff lost access to the domain <klumba.com>.

15. A query on WHOIS revealed that the ownership and control of the domain was transferred to Dmytro Dubyna. The new registrar data showed Dmytro Dubyna as the registrant and administrative contact, with the following e-mail address: <dima.dubina@gmail.com>.

16. In effect, the change of the registrant information to Dmytro Dubyna constituted the transfer of the <klumba.com> domain name to Mr. Dubyna.

17. Plaintiff and Aleksey Ivankin did not authorize and were not aware of the transfer of the domain to Defendant Dubyna.

18. The WHOIS database associated with klumba.com now reflects that the owner of the domain <klumba.com> is the Defendant LTD, "Klumba.com LTD", an unknown entity with name similar to Plaintiff's.

### III. PLAINTIFF'S MARKS

19. In 2008, the members of Plaintiff LLC registered the domain name klumba.ua.

20. In 2010, Plaintiff was registered and formed in Ukraine as a Limited Liability Company, under the name "Klumba.ua, LLC."

21. Since as early as June 22, 2010, Plaintiff has consistently and exclusively used KLUMBA as a mark in the United States to indicate the origin or source of goods or services for its website services, specifically, providing information to young or expecting parents.

22. KLUMBA is inherently distinctive or, in the alternative, has become distinctive by acquiring secondary meaning through Plaintiff's longstanding use of the KLUMBA mark in commerce.

23. Plaintiff has used the KLUMBA mark specifically to offer information to United States consumers, as well as consumers in the Ukraine.

24. As a result of its longstanding and exclusive use, Plaintiff is the owner of the KLUMBA mark and has acquired common law rights in and to that mark in the United States.

### IV. UNLAWFUL ACTIONS

25. Dubyna stole the ownership and control of the domain klumba.com from Plaintiff without authorization.

26. Dubyna obtained unauthorized access to Aleksey Ivankin's e-mail account, or exceeded access which was previously granted thereto, which is associated with the email address klumbiko@gmail.com, to transfer the ownership of the domain to himself.

27. Dubyna then, without any authorization, transferred the ownership and control of the Plaintiff's domain name to himself and then to Defendant LTD, a sham entity created for the specific purpose of stealing and controlling the Plaintiff's domain.

28. Dubyna, further without authorization, diverted the payments from Google to his own bank account.

29. As of the time of filing of this suit, estimated $360,000 in advertising revenues had been usurped from Plaintiff by Dubyna and Klumba.com, LTD.

## COUNT I
## Cybersquatting Under the Anticybersquatting Consumer Protection Act
## – 15 U.S.C. § 1125(d)

30. Plaintiff relates and incorporates the preceding paragraphs as though fully restated herein.

31. Plaintiff is the owner of exclusive rights in and to the KLUMBA trademark for use in association with providing information to young or expecting parents.

32. The <klumba.com> domain name is identical to the KLUMBA mark with the addition of the .com top-level domain name suffix.

33. Dubyna and LTD registered, used, and trafficked in the <klumba.com> domain name with a bad faith intent to profit from the use of Plaintiff's trademark.

34. Plaintiff's trademark KLUMBA was distinctive at the time of Dubyna and LTD's registration, trafficking in, conversion, and/or use of the <klumba.com> domain name.

35. Dubyna and LTD registered, converted, and/or used the <klumba.com> domain name with knowledge of Plaintiff's common law trademarks.

36. Dubyna and LTD do not have any intellectual property rights or any other rights in Plaintiff's KLUMBA mark or the domain name.

37. Dubyna and LTD registered, used, and trafficked in the <klumba.com> domain name with the intent to divert users from Plaintiff to Dubyna and LTD for Dubyna and LTD's own commercial gain, namely, to divert advertisement revenues from Plaintiff to Dubyna and LTD by creating a likelihood of confusion as to the source, sponsorship, or endorsement of Plaintiff's website.

38. Dubyna's conversion of, registration under his name, and trafficking in the <klumba.com> domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

39. By reasons of Dubyna and LTD's acts allged herein, Plaintiff is entitled to transfer of the <klumba.com> domain name into its possession consistent with 15 U.S.C. § 1125 (d)(2)(D).

40. By reasons of Dubyna and LTD's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Dubyna and LTD. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41. By reason of Dubyna and LTD's acts alleged herein, Plaintiff is entitled to recover the costs of the action.

42. This an exceptional case, making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A. That the Court order the transfer of the <klumba.com> domain name to Plaintiff;

B. That the Court award Plaintiff its attorneys' fees and costs; and

C. That the Court grant Plaintiff all other relief to which it is entitled and such other or additional relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all matters triable as of right in the instant cause of action.

Respectfully submitted this 15th day of December 2015.

**KLUMBA.UA, LLC**

By: _____/s/_____
Ismail T. Shahtakhtinski, Esq.
VSB # 75409
I.S. Law Firm, PLLC
1199 N. Fairfax St., Suite 702
Alexandria, VA 22314
T: (703) 527-1779
F: (703) 778-0369
ismail@islawfirm.com


By: _____/s/_____
John Di Giacomo, Esq.
Michigan Bar No. P73056
Revision Legal, PLLC
148 E. Front Street
3rd Floor
Traverse City, MI 49684
T: (231) 714-0100
F: (231) 714.0200
john@revisionlegal.com