**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

KLUMBA.UA, LLC,

*Plaintiff,*

v.

DMYTRO DUBYNA, KLUMBA.COM, and

KLUMBA.COM, LTD,

*Defendants*.

Case No. 1:15-cv-00760-GBL-MSN

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO SET ASIDE THE ENTRY OF DEFAULT JUDGMENT**

Defendants Dmytro Dubyna, and klumba.com (collectively, "Defendants"), by counsel, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), hereby submit this Memorandum in Support of Motion to Set Aside the Entry of Default Judgment (the "Motion") obtained by Plaintiff Klumba.UA, LLC ("Plaintiff" or "Klumba.UA").

## I. Introduction

This case arises out of a broader dispute among the four members of the Plaintiff, an LLC entity formed in the Ukraine and governed by Ukrainian law. [DE 5-5 (By-Laws of "KLumba.UA" Limited Liability Company)]. The members' dispute is the subject of pending litigation in the Ukraine. (Declaration of Dmitro Dubyna ("Dubyna Decl.") at ¶ 18(h).) Apparently dissatisfied with their lack of success in that case, LLC members Andrey Khorsev and Aleksey Ivankin initiated this action in an attempt to obtain *ex parte* relief. Defendants just recently learned of this action, and that Plaintiff obtained a default judgment to seize control over the klumba.com domain name, which is owned by LLC members Mr. Dubyna and his wife. In

addition, the judgment is entered against Mr. Dubyna, who is not a proper defendant and is not subject to personal jurisdiction in this forum.

The Court should set aside the Amended Order and Final Judgment entered on April 11, 2016 because Defendants were not properly served. Alternatively, the Court should set aside the Final Judgment under Rule 60(b) because it was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Defendants received no notice of this lawsuit or any pleading, despite the fact that Plaintiff knows Mr. Dubyna's physical address and email address. Further, Defendants have meritorious defenses to this *in rem* action and filed this Motion diligently and promptly. For all these reasons, and as further set forth herein, the Court should grant Defendants' Motion and set aside the Final Judgment.

## II. Statement of Facts

Mr. Dubyna is a citizen of Ukraine. (Dubyna Decl. at ¶ 2.) He has no contacts with Virginia. (Dubyna Decl. at ¶ 3.) He has no real or personal property in Virginia, has never visited Virginia, and has never transacted business in Virginia. (Dubyna Decl. at ¶ 3.) He is not subject to personal jurisdiction in Virginia. *See* [DE 14] at ¶ 5. Mr. Dubyna is one of four members of Plaintiff Klumba.UA. The other members are Natalia Zueva, Andrey Khorsev, and Aleksey Ivankin. (Dubyna Decl. at ¶ 12.) Mrs. Zueva and Mr. Dubyna are married. (Dubyna Decl. at ¶ 12.) Upon information and belief, Defendant Klumba.com LTD ("LTD") does not exist.[1]

### A. The Klumba.com Domain Name and KLUMBA Mark

In 2008, Mr. Dubyna and his wife, Mrs. Zueva, created a website using the domain name klumba.kiev.ua. (Dubyna Decl. at ¶ 18(a).) In June 2010, Mrs. Zueva registered the trademark

[1] Mr. Dubyna is not aware of any such entity. (Dubyna Decl. at ¶ 4.)

KLUMBA in Ukraine. (Dubyna Decl. at ¶ 18(b).) She also registered the domain name Klumba.ua. (Dubyna Decl. at ¶ 18(b).) Thus, Mr. Dubyna and Mrs. Zueva used the KLUMBA mark, and started a business using that mark, before Plaintiff existed.

In September 2010, Mrs. Zueva and Mr. Dubyna founded Klumba.UA, the Plaintiff in this case, with Andrey Khorsev and Aleksey Ivankin. (Dubyna Decl. at ¶ 18(c).) As part of this new venture, Mrs. Zueva transferred registration of the klumba.ua domain and KLUMBA mark in the Ukraine to Plaintiff. (Dubyna Decl. at ¶ 18(c).)

In November 2012, Mr. Dubyna and Mrs. Zueva bought the domain name klumba.com from a third party unrelated to Plaintiff. (Dubyna Decl. at ¶ 18(d).) Mr. Dubyna and Mrs. Zueva have never transferred ownership of klumba.com to any other person or entity, including Plaintiff. Mr. Dubyna and Mrs. Zueva purchased klumba.com and are the sole owners of klumba.com. (Dubyna Decl. at ¶ 18(d) & (f).)

Mr. Dubyna and Mrs. Zueva arranged to redirect the domain name klumba.com to the domain name klumba.ua. As part of this process, Mrs. Zueva provided access to the registrant account for klumba.com to Aleksey Ivankin.[2] (Dubyna Decl. at ¶ 18(e).) In doing so, there was no intent to grant any ownership rights to Plaintiff or Mr. Ivankin, and Mr. Ivankin was not authorized to transfer ownership of klumba.com to any other person or entity, including Plaintiff. (Dubyna Decl. at ¶ 18(e).) Thus, neither Mr. Dubyna nor Mrs. Zueva transferred or intended to transfer ownership of the klumba.com domain name to Plaintiff. (Dubyna Decl. at ¶ 18(e).)

In February 2013, the domain name klumba.com was registered to Mr. Dubyna. (Dubyna Decl. at ¶ 18(g).) Mr. Dubyna provided his registrant information to the registrar of

[2] Accordingly, Mr. Ivankin then provided Klumba.UA's contact information, including the email address klumbiko@gmail.com, to the registrar of klumba.com. (Dubyna Decl. at ¶ 18(e).)

klumba.com, including his mailing address, 15, Tcheliabinksa Street, 145, Kiev, 02002, Ukraine, and his email address, dima.dubina@gmail.com.  (Dubyna Decl. at ¶ 18(g).)  Plaintiff knew Mr. Dubyna's address, which is set forth in Plaintiff's By-Laws and also in the summons in this case, which was never served on Mr. Dubyna.[3]  *See* (Dubyna Decl. at ¶ 15); [DE 2] and [DE 5-5] at 14.

In the spring of 2013, a dispute arose among the members of Klumba.UA when Andrey Khorsev and Aleksey Ivankin attempted to seize control of the company.  (Dubyna Decl. at ¶ 18(h).)  Mr. Dubyna and Mrs. Zueva are on one side of this dispute, and Andrey Khorsev and Aleksey Ivankin are on the other side.  (Dubyna Decl. at ¶ 18(h).)  This dispute gave rise to ongoing litigation that is pending in Ukraine. (Dubyna Decl. at ¶ 18(h).)  Mr. Dubyna regularly communicates with the Plaintiff's members, including Andrey Khorsev and Aleksey Ivankin, related to that litigation.  (Dubyna Decl. at ¶ 13.)

As part of the ongoing litigation, the KLUMBA mark registered in Ukraine was awarded to Mrs. Zueva by a Ukrainian court on November 25, 2013.  (Dubyna Decl. at ¶ 18(i).)  Neither Plaintiff, Andrey Khorsev, nor Aleksey Ivankin have any ownership interest in that KLUMBA mark.  (Dubyna Decl. at ¶ 18(j).)  Currently, the mark is held by a third party and licensed to Mrs. Zueva to use.  (Dubyna Decl. at ¶ 18(i).)

---

[3] Plaintiff listed the incorrect zip code on the Summons.  *See* [DE 2] (listing zip code 04053 rather than zip code 02002).  Plaintiff knew Mr. Dubyna's correct zip code.  (*See* Dubyna Decl. at ¶ 15.)  That zip code was listed on several documents Plaintiff filed and known to Plaintiff's members.  *See* [DE 5-5] at 14; [DE 5-2] at 4.  Listing the incorrect zip code on the Summons is additional evidence that Plaintiff did not intend to provide notice to Mr. Dubyna.

**B. <u>This Lawsuit</u>**

On June 16, 2015, Mr. Khorsey and Mr. Ivankin apparently initiated this action, in the name of Klumba.UA,[4] against Mr. Dubyna individually and against LTD, which appears to be a nonexistent entity. (Dubyna Decl. at ¶¶ 14 & 4.)[5] Plaintiff asserted multiple causes of action against Defendants seeking various forms of relief, and moved for a preliminary injunction. [DE 1 & 4]. While purporting to also assert a claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA"), Plaintiff did not name the proper defendant for such a claim (the domain name, klumba.com).

On July 20, 2015, Plaintiff filed a Motion for Alternative Service of Process. [DE 3]. Plaintiff sought to serve Mr. Dubyna and LTD, a nonexistent entity, by delivering a copy of the Complaint to the physical address associated with LTD on the registrar's database: Ul Proreznaya, 25 Kiev 02000 in Ukraine. [DE 3]. Mr. Dubyna has never used this address for any reason. (Dubyna Decl. at ¶ 10.) Plaintiff also filed an unissued summons to Mr. Dubyna with his address, *see* [DE 2], but there is no evidence that any attempt was made to serve that summons at that address. Indeed, Mr. Dubyna never received any service of any paper related to this case. (Dubyna Decl. at ¶ 5.)

Plaintiff also proposed a "Notice Plan" for this Court's approval. [DE 3] at 2. This plan required Plaintiff to publish notice of the action in the Washington Post for five consecutive days. [DE 3] at 2. Plaintiff's Notice Plan did not include any service directed to Mr. Dubyna's address. [*Id.*]

---

[4] Defendants reserve all rights concerning whether the filing of this action in the Plaintiff's name was improper, including, but not limited to, based on Ukrainian law or any other law that may apply.

[5] Mr. Ivankin has filed two declarations in support of Plaintiff's claims. *See* [DE 5 & 11].

At the time it filed the Motion for Alternative Service of Process, Plaintiff and its shareholders, Mr. Khorsey and Mr. Ivankin, knew Mr. Dubyna's physical and email address. (Dubyna Decl. at ¶ 15.) Mr. Dubyna's address—15, Tcheliabinksa Street, 145, Kiev, Ukraine—is listed in Plaintiff's Bylaws that were filed with the Court. *See* [DE 5-5] at 14. Mr. Khorsey and Mr. Ivankin also regularly communicate with Mr. Dubyna related to the litigation in Ukraine. (Dubyna Decl. at ¶ 13.) Nevertheless, Plaintiff did not reveal that ongoing litigation to this Court. Plaintiff also did not reveal that it could notify Mr. Dubyna directly and provide actual notice to Mr. Dubyna at his address. Plaintiff's "Notice Plan" instead proposed notice by publication in the Washington Post. [DE 3], a paper that Mr. Dubyna does not read. (Dubyna Decl. at ¶ 16.)

On the same day that Plaintiff filed its Motion for Alternative Service of Process, Plaintiff filed a screen capture from Whois.webnames.ru that included Mr. Dubyna's physical and email address as listed by the registrar of klumba.com. [DE 5-2] at 4. This screen capture listed Mr. Dubyna's Tcheliabinksa Street address. [*Id*.] The exhibit also listed Mr. Dubyna's email address, dima.dubina@gmail.com. [*Id*.] Plaintiff did not mention this contact information in the Motion for Alternative Service of Process. Nor did Plaintiff ever send any notice to Mr. Dubyna's physical or email address listed by the registrar.

On July 29, 2015, the Court granted Plaintiff's Motion for Alternative Process. [DE 8]. On September 23, 2015, Plaintiff moved for entry of default. [DE 9]. The clerk entered a default on October 5, 2015. [DE 10]. Plaintiff then moved for entry of default judgment. [DE 10]. That motion, however, was not granted. *See* [DE 15].

Instead, on December 15, 2016, Plaintiff filed an Amended Complaint adding the *res* klumba.com as a Defendant. [DE 14]. The Amended Complaint also continued to refer to Mr.

Dubyna and LTD as parties.  [DE 14] at ¶¶ 2-3.  Plaintiff conclusorily alleges that it has a common law right in the KLUMBA mark.  [DE 14] at ¶¶ 24 & 31.  Plaintiff also alleges that Mr. Dubyna and LTD "stole the ownership and control of the domain name klumba.com."  [DE 14] at ¶ 25.  Plaintiff requested relief to regain control over klumba.com through the cyberpiracy prevention provisions in 15 U.S.C. § 1125(d).  [*Id.*]

Plaintiff filed another Motion for Alternative Service of Process on December 21, 2015, regarding service of the Amended Complaint.  [DE 16].  That motion was "identical to [the prior] motion" for alternative service.  [DE 16] at 1.  Again, Plaintiff did not indicate that it knew how to serve Mr. Dubyna.  Rather than proposing a plan to provide actual notice to Mr. Dubyna, Plaintiff's "Notice Plan" relied on mailing unspecified information only to an address never used by Mr. Dubyna for any purpose, and again suggested publication in the Washington Post, a paper Mr. Dubyna does not read.  [DE 16]; (Dubyna Decl. at ¶ 16.)

Predictably, therefore, Defendants did not receive any notice or any paper in this case.  (Dubyna Decl. at ¶ 5.)  A default was entered on January 29, 2016.  [DE 22].  On February 1, 2016, Plaintiff moved for a default judgment.  [DE 23].  On March 29, 2016, the Court entered a final order and judgment against three Defendants—Mr. Dubyna, LTD, and klumba.com.  [DE 29 & 30].  At Plaintiff's request, the Court entered an Amended Order and Final Judgment on April 11, 2016 (the "Judgment") against the same three defendants.  [DE 33].  The Judgment ordered VeriSign, Inc., the registrar of klumba.com, to transfer the klumba.com domain name to Plaintiff's registrar, GoDaddy.  [DE 33].  VeriSign has apparently already done so.

Mr. Dubyna did not receive notice of this lawsuit by mail, email, or otherwise before the Judgment was entered.  (Dubyna Decl. at ¶ 5.)  After the April 11, 2016 Judgment was entered, Mr. Dubyna searched for registrant information for klumba.com and discovered that the domain

had been transferred to GoDaddy, presumably pursuant to the Judgment.  (Dubyna Decl. at ¶ 5.)

Dubyna immediately acted to retain counsel in the United States to challenge the Judgment.

(Dubyna Decl. at ¶ 17.)

The undersigned filed this Motion as soon as possible, 18 days after the Judgment was

entered.

## III.   Argument

### A.   The Court Should Set Aside the Judgment For Lack of Proper Service.

Plaintiff did not properly serve Defendants.  "[A] judgment is void where the

requirements for effective service have not been satisfied."  *Combs v. Nick Garin Trucking*, 825

F.2d 437, 442 (D.C. Cir. 1987).  Thus, if Defendants were not properly served, the Court must

set aside the Judgment.  *See id.* ("[I]f [defendant's] service-of-process objection is meritorious,

we must reverse the default judgment herein as void.").

Here, Plaintiff filed two identical Motions for Alternative Service of Process.  *See* [DE 3

& 16].  These motions sought to serve Defendants under 15 U.S.C. § 1125(d)(2)(A)(ii).  [*Id.*]

That statute provides that in certain *in rem* actions, a party may be served by "sending a notice of

the alleged violation . . . to the registrant of the domain name at the postal and e-mail address

provided by the registrant to the registrar" and "publishing notice of the action as the court may

direct promptly after filing the action."  15 U.S.C. § 1125(d)(2)(A)(ii).

In the Motions for Alternative Service of Process, Plaintiff represented that it mailed

notice of the lawsuit to "Ul proreznaya, 25 Kiev 02000 in Ukraine." [DE 3 & 16].  Plaintiff

alleged that this was "Defendant's address as listed by the registrar Arsys."  [*Id.*]  Plaintiff stated

that it also sent an email to klumba.com.ltd@gmail.com.  [DE 3] at ¶ 2; [DE 16] at ¶ 7.  Plaintiff

alleged that this was "Defendant's email address as listed by the registrar Arsys."  [*Id.*]

Plaintiff's statements are misleading and establish that service was not proper.  Ul Proreznaya, 25 Kiev 02000 is not Mr. Dubyna's address listed by the registrar.  *See* [DE 5-3].  Klumba.com.ltd@gmail.com is not Mr. Dubyna's email address listed by the registrar.  [*Id.*]  According to the registry search documents Plaintiff submitted, Ul Proreznaya, 25 Kiev 02000 and klumba.com.ltd@gmail.com are associated only with Defendant LTD.  *See* [DE 5-3].  Defendant LTD apparently does not exist.  (Dubyna Decl. at ¶ 4.)  Mr. Dubyna has never resided at Ul Proreznaya, 25 Kiev, 02000, Ukraine and has never used that address for any purpose.  (Dubyna Decl. at ¶ 10.)  Nor has Mr. Dubyna ever had access to the email address klumba.com.ltd@gmail.com. (Dubyna Decl. at ¶ 11.)

Plaintiff alleges that both LTD and Mr. Dubyna are improper registrants.  [DE 1 & 14].  Although Plaintiff allegedly mailed and emailed notice to one Defendant—LTD—Plaintiff *did not* send notice to Mr. Dubyna at his address or email address listed by the registrar.  Plaintiff thus failed to comply with the terms of Section 1125(d)(2)(B).  *See* 15 U.S.C. § 1125(d)(2)(B) (requiring mail and email notice sent to address and email address listed by registrar for registrant).

Importantly, Plaintiff was aware of Mr. Dubyna's address when it filed its initial Motion for Alternative Service of Process.  Plaintiff filed an exhibit specifically listing Mr. Dubyna's physical and email address, as listed by the registrar.  [DE 5-2] at 4.  That registration document shows that Mr. Dubyna could be notified at 15, Tcheliabinksa Street, 145, Kiev, 02002, Ukraine and at dima.dubina@gmail.com.  *Id.*  Nevertheless, Plaintiff failed to send notice to Mr. Dubyna's known physical or email address.  Plaintiff's purported service solely on LTD, a nonexistent entity, is insufficient.  For this reason alone, the Court should set aside the Judgment.

Further, Plaintiff alleges only that it sent the Complaint and an unspecified Summons to an unspecified Defendant. [DE 24-4] ¶ 3. There are two summons filed on the docket, one for defendant Mr. Dubyna and one for Defendant LTD, both of which are unsigned. *See* [DE 2]; *see* Fed. R. Civ. P. 4 (a)(1)(f) (summons must "be signed by the clerk."). Based on the Affidavit of Service, Plaintiff apparently served only the Summons for LTD, as the Plaintiff only mailed and emailed papers to the address associated with the non-existent LTD defendant. *See* [DE 24-4] at ¶ 3 (swearing that summons sent to address listed for LTD). There is no evidence of any attempt to serve the summons for Mr. Dubyna or to serve anything at any address used by Mr. Dubyna despite Plaintiff's knowledge of his address. [DE 2] (listing Tcheliabinksa Street address with incorrect zip code on summons addressed to Mr. Dubyna).

Finally, Plaintiff does not show that any defendant was provided any notice regarding the date on which Defendants were obligated to respond to the Amended Complaint. *See* [24-4]. Plaintiff's conduct does not reflect any attempt to provide actual or reasonable notice to Defendants, but instead suggests an intent to obtain *ex parte* relief. For these reasons, the Judgment is void and should be set aside. *See Combs*, 825 F.2d at 442 (judgment must be set aside where service of process is defective).

**B. <u>The Court Should Set Aside the Judgment On Additional Grounds.</u>**

*1. The Court Should Grant Relief Under Federal Rule 60(b).*

Alternatively, the Court should exercise its discretion to set aside the Judgment under Rule 60(b). Under subsection (b)(1) of that Rule, the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a

history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) ("[W]e have analyzed Rule 55(c) and Rule 60(b) motions using the same factors."). The decision to set aside a judgment under Rule 60 is committed to the discretion of the Court. *Payne*, 439 F.3d at 204.

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults are to be avoided and that claims and defenses be disposed of on their merits." *Saurikit, LLC v. cydia.com*, No. 1:11CV0888 JCC/JFA, 2011 WL 5843638, at *2 (E.D. Va. Nov. 21, 2011) (quoting *Colleton*, 616 F.3d at 417). Any doubts about whether relief should be granted, moreover, should be resolved in favor of setting aside the default so that the case may be heard on the merits. *Tolson v. Hodge*, C.A.4 (N.C.) 1969, 411 F.2d 123 ("It has been held in an extensive line of decisions that Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."). "There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." Wright & Miller, § 2857 Discretion of the Court, 11 Fed. Prac. & Proc. Civ. § 2857 (3d ed.). Here, the parties dispute their respective rights and ownership interests concerning the KLUMBA mark and the klumba.com domain name, and Defendants should have an opportunity to address those issues. Further, all relevant factors weigh in favor of setting aside the Judgment.

(a)     Defendants Did Not Receive Notice; Plaintiff Is Responsible.

Mr. Dubyna did not receive notice of this lawsuit before the Judgment was entered. (Dubyna Decl. at ¶ 5.) Under Rule 60, courts give particular weight to a defendant's lack of notice. *Marshall v. Boyd*, 658 F.2d 552 (8th Cir. 1981) (failure to give notice is strong factor weighing in favor of setting aside judgment); *Lutomski v. Panther Valley*, 653 F.2d 270 (6th Cir.

1981) (same); *Wilson v. Moore*, 564 F.2d 366 (9th Cir. 1977) (same). As discussed above, Mr. Dubyna was never served and thus was unable to respond to Plaintiff's allegations against him or regarding klumba.com.

Courts have found that a lack of notice justifies relief from default, even where the defendant was properly served. *See Avon Contractors, Inc. v. Sec'y of Labor*, 372 F.3d 171, 175 (3d Cir. 2004) (party entitled to relief from judgment where it was properly served via certified mail, but did not receive notice because employee was destroying mail); *Colleton*, 616 F.3d at 420 (although corporation was properly served by process mailed to its agent designated for acceptance of service of process, excusable neglect existed where agent mishandled process and defendant did not receive notice of lawsuit).

There can be no genuine dispute here that Defendants never had actual notice of this case. This fact strongly supports relief based on excusable neglect. In *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir. 1981), the defendant was served and sought an agreed extension of time to answer. The plaintiff granted one extension but refused to grant another. The defendant failed to respond within the time provided and the plaintiff moved for default. The plaintiff did not provide notice of the hearing on the motion for default, although the defendant told the plaintiff that it would contest damages. The trial court entered a default judgment and denied the defendant's motion to set aside. The Sixth Circuit reversed. The court held that the defendant was entitled to notice of the default hearing. The court reasoned that the defendant had informed the plaintiff that it would contest damages, but the plaintiff failed to notify the defendant of the hearing. *See also Delmont Promotions, LLC v. Washington*, No. 5:13-CV-00500-F, 2015 WL 5970881, at *2 (E.D.N.C. Oct. 13, 2015) (finding excusable neglect where defendant "never had any knowledge whatsoever of the proceedings before this court.").

Here, as in *Avon*, *Lutomski*, and *Colleton*, Defendants did not receive notice of this lawsuit before the Judgment was entered. Unlike in *Avon*, *Lutomski*, and *Colleton*, however, Plaintiff is solely to blame for the lack of notice to Mr. Dubyna. Plaintiff knew how to provide notice to Mr. Dubyna, but simply failed to do so. (Dubyna Decl. at ¶ 15.) Mr. Dubyna has been involved in litigation with Andrey Khorsev and Aleksey Ivankin, members of Plaintiff, since 2013. (Dubyna Decl. at ¶ 13.) Mr. Dubyna has had regular contact with these individuals related to that litigation. (Dubyna Decl. at ¶ 13.) Plaintiff also filed documents in this Court listing Mr. Dubyna's contact information. *See* [DE 5-2] at 4. Further, Plaintiff's own Bylaws also include Mr. Dubyna's address. [DE 5-5] at 14. Remarkably, Plaintiff entered Mr. Dubyna's address on a summons in this case—a document specifically intended to provide notice to adverse parties—but Plaintiff then made no attempt to provide that summons to Mr. Dubyna at his address.[6] *See* [DE 2].

Despite knowing exactly how to notify Mr. Dubyna, Plaintiff chose not to do so. Instead, Plaintiff filed *two* Motions for Alternative Service of Process. *See* [DE 3 & 16]. Although Plaintiff alleged that both LTD and Mr. Dubyna were improper registrants of the klumba.com domain, and listed Mr. Dubyna as a party, Plaintiff mailed notice only to LTD, a nonexistent entity.

Rather than mail or email any papers to Mr. Dubyna's known address, Plaintiff suggested publication in the Washington Post, a paper that Mr. Dubyna would have no reason to read and, in fact, did not read. *See* [DE 3 & 16]. Plaintiff conspicuously omitted that Andrey Khorsev and Aleksey Ivankin were involved in ongoing litigation with Mr. Dubyna in Ukraine. Plaintiff also

[6] The Summons listed the incorrect zip code. Thus, it would not have reached Mr. Dubyna even if it had listed the correct zip code.

did not mention that it was able to contact Mr. Dubyna and had done so on numerous occasions. (*See* Dubyna Decl. at ¶¶ 13 & 15.)

Plaintiff should not benefit from its conduct or obtain rights by default that are contested and should be addressed on the merits. The Court properly considers the equities in deciding a motion under Rule 60. *See* Wright & Miller, § 2857 Discretion of the Court, 11 Fed. Prac. & Proc. Civ. § 2857 (3d ed.) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b)."). Plaintiff is responsible for the lack of notice in this case, and the equities weigh heavily in favor of setting aside the Judgment.

Similarly, the Court should grant Defendants' Motion under Rule 60(b)(3). That subsection provides relief from a judgment if the movant "establish[es] that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). As set forth above, Plaintiff's misconduct prevented Defendants from presenting their case at all.

(b) Defendants Promptly And Diligently Filed This Motion.

Mr. Dubyna only learned of this lawsuit *after* the Judgment had been entered, when he independently searched for registrant information for klumba.com. (Dubyna Decl. at ¶ 5.) Mr. Dubyna immediately sought to retain counsel in the United States to protect his rights. (Dubyna Decl. at ¶ 17.) Counsel filed this Motion only 18 days after the Judgment was entered. Thus, Defendants have acted diligently. Defendants' prompt action weighs in favor of setting aside the Judgment.

(c) Plaintiff Will Not Be Prejudiced By Granting the Motion.

In determining whether setting aside the Judgment would prejudice the non-defaulting party, courts consider whether the delay: "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed

with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Saurikit*, 2011 WL 5843638, at *5 (citing *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009)).  "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418.

Here, Defendants filed this Motion 18 days after the Judgment was entered.  Plaintiff's ability to present its case and gather evidence has not been prejudiced.  Further, as discussed above, Plaintiff intentionally declined to notify Defendants, including Mr. Dubyna, that this lawsuit had been filed.  Plaintiff's conduct prejudiced Defendants and benefitted Plaintiff.  *See* Wright & Miller, § 2857 Discretion of the Court, 11 Fed. Prac. & Proc. Civ. § 2857 (3d ed.) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b).").  Plaintiff cannot show any legitimate or actual prejudice that would result from setting aside the Judgment.  In contrast, Defendants are severely prejudiced by harm to their ownership rights and interest with respect to the KLUMBA mark and the klumba.com domain name.

(d)      Defendants Have A Meritorious Defense

Mr. Dubyna disputes many of Plaintiff's allegations.  (Dubyna Decl. at ¶ 18.) Defendants also have valid legal defenses to this *in rem* action.  "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) ("[A] party is not required to establish a meritorious defense by a preponderance of the evidence. The purpose of the motion

was only to open the default judgment so that there may be a trial on the merits; he did not seek a judgment in his favor.”).

Plaintiff alleges a violation of the ACPA, 15 U.S.C. § 1125(d). That statute requires Plaintiff to show that it owns the KLUMBA mark. *See* 15 U.S.C. § 1125(d)(1)(A) (emphasis added) (“A person shall be liable in a civil action by the *owner of a mark*, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--(i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section.”). The Complaint and Amended Complaint, however, omit important facts that undercut Plaintiff’s claims.

First, Plaintiff does not own the KLUMBA mark. It never has. Plaintiff also cannot properly claim to own the klumba.com domain name. Instead, klumba.com was purchased by Mr. Dubyna and his wife, who rightfully own klumba.com. In its pleadings, Plaintiff omits these and other critical facts.

In 2008, long before Plaintiff was formed in September 2010, Mr. Dubyna and his wife, Natalia Zueva, created a website using the domain name klumba.kiev.ua and began using the KLUMBA mark. (Dubyna Decl. at ¶ 18(a).) In June 2010, moreover, Mrs. Zueva registered the KLUMBA mark in Ukraine. (Dubyna Decl. at ¶ 18(b).)

In the spring of 2013, a dispute arose among Plaintiff’s members.[7] (Dubyna Decl. at ¶ 18(h).) Mr. Dubyna and Mrs. Zueva were on one side and Andrey Khorsev and Aleksey Ivankin were on the other. (Dubyna Decl. at ¶ 18(h).) That dispute led to the ongoing litigation in Ukraine mentioned above. (Dubyna Decl. at ¶ 18(h).) In November 2013, a Ukrainian court

[7] Because this is not a “cybersquatting” case, but a partnership dispute among Plaintiff’s members, there is no basis for relying on the relaxed service of process provisions in 15 U.S.C. § 1125. In any event, as explained herein, no proper notice was provided.

reaffirmed Mrs. Zueva's ownership of the KLUMBA mark.  (Dubyna Decl. at ¶ 18(i).)  Mrs. Zueva is now licensed to use that mark.  (Dubyna Decl. at ¶ 18(i).)  Plaintiff's pleadings do not address, and thus cannot contradict, these facts.

Plaintiff vaguely contends that it has unspecified common law rights concerning the KLUMBA mark.  Plaintiff's allegations are disputed, however, and also fail to establish the existence or scope of any such common law trademark rights.  "[A] plaintiff asserting a claim of infringement against common-law trademark ownership rights bears the burden of establishing its exclusive right to use the mark by actual use in a given territory."  *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 269 (4th Cir. 2003).  "Where two users claim a right to use the same or similar mark, the first user to validly appropriate use of that mark generally has priority over the second, or junior, user."  *E. W., LLC v. Rahman*, 896 F. Supp. 2d 488, 497 (E.D. Va. 2012).

Here, even assuming that use of the KLUMBA mark associated with a Ukrainian-based website provided common-law trademark rights in the United States, Mr. Dubyna and Mrs. Zueva, not Plaintiff, hold those common law rights.  Plaintiff's purported common law trademark claim cannot withstand scrutiny.  Specifically, Mr. Ivankin asserts that Plaintiff used the KLUMBA mark "since as early as June 22, 2010."  [DE 11-4] at ¶ 6; [DE 14] at 21. That is impossible.  As Plaintiff admits, Plaintiff was not formed and did not exist until September 30, 2010.  [DE 14] at ¶ 6.  Further, Plaintiff's allegations are deficient in that they do not address or show the specific nature of its alleged "use" of the mark in the U.S., nor does Plaintiff allege the geographic territory where any such rights purportedly exist or are infringed.[8]

---

[8] Plaintiff baldly alleges that it has "used KLUMBA as a mark in the United States." [DE 14] at ¶ 21.  Plaintiff vaguely alleges that it has used the KLUMBA mark to "offer information." [DE

*{footnote continued}*

In June 2010, *Mr. Dubyna and Mrs. Zueva*—not Plaintiff—were using the KLUMBA mark.  Mrs. Zueva registered that mark in June 2010, before Plaintiff existed.  (Dubyna Decl. at ¶ 18(b).)  Thus, Mr. Dubyna and Mrs. Zueva are the senior users of the mark.  *See Rahman*, 896 F. Supp. 2d at 497 (first user presumed to have priority ownership of mark).  Plaintiff has not, and cannot, show continuous exclusive use of the KLUMBA mark.  *See Emergency One, Inc.*, 332 F.3d at 269.  For that reason alone, Plaintiff's claims thus fail.

Finally, Plaintiff incorrectly contends that Mr. Dubyna "stole the ownership and control of the domain klumba.com from Plaintiff."  That is not so.  Plaintiff has never owned klumba.com.  To the contrary, Mr. Dubyna and Mrs. Zueva have owned klumba.com since they purchased it from an unrelated party in November 2012.  (Dubyna Decl. at ¶ 18(d).)  After they founded Plaintiff in September 2010, Mr. Dubyna and Mrs. Zueva provided access to the registrant account for klumba.com to Aleksey Ivankin.  (Dubyna Decl. at ¶ 18(e).)  In doing so, Mr. Dubyna and Mrs. Zueva did not transfer, or intend to transfer, any ownership rights to Mr. Ivankin, Plaintiff, or anyone else.  (Dubyna Decl. at ¶ 18(e).)  Any purported transfer of ownership by Mr. Ivankin was unauthorized and improper.[9]

---

*{continued from previous page}*
14] at ¶ 23.  That is insufficient to show commercial use.  Plaintiff has not shown specific "use" of the KLUMBA mark on a website as early as 2010.  *See generally In Re Genitope Corp.*, 78 U.S.P.Q.2d 1819 (P.T.O. Mar. 31, 2006); *In re Sones*, 590 F.3d 1282, 1286 (Fed. Cir. 2009). In addition, Plaintiff has not established the territorial extent of its alleged common law rights and Defendants' infringement in that territory.  To show infringement based on a common law trademark right, Plaintiff must establish the territorial extent of his rights.  *Dudley v. Healthsource Chiropractic, Inc.*, 883 F. Supp. 2d 377, 389 (W.D.N.Y. 2012). Just "because a Web site featuring a trademark can theoretically be accessed on computers from Florida to Alaska . . . does not mean that the trademark is known and established [in these] locations." 5 Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 26:30.50 (4th ed. 2000).  For these additional reasons, Plaintiff's claims fail.

[9] Mr. Ivankin provided Klumba.UA's contact information, including the email address klumbiko@gmail.com, to the registrar of klumba.com.  (Dubyna Decl. at ¶ 18(e).)  By providing
*{footnote continued}*

Thus, Mr. Dubyna could not "steal" klumba.com, a domain name that he owned with Mrs. Zueva.[10] *See* [DE 14] at 25. For all these reasons, Defendants have meritorious defenses to the Amended Complaint. *See Central Operating Co.*, 491 F.2d at 253 (moving party need not show defense by preponderance of evidence, but merely set forth facts that, if believed, would entitle movant to relief). This factor weighs heavily in favor of setting aside the Judgment.

*2. The Court Lacks Personal Jurisdiction Over Mr. Dubyna*

Although the Amended Complaint alleges only *in rem* jurisdiction, *see* [DE 14] at ¶ 5, to the extent the Judgment is against Mr. Dubyna personally, it should be vacated because the Court lacks personal jurisdiction. Mr. Dubyna has no contacts with this forum. (Dubyna Decl. at ¶ 3.) Plaintiff concedes that Mr. Dubyna is not subject to personal jurisdiction here. [DE 14] at ¶ 5.

## IV. Conclusion

For the reasons set forth above, Defendants respectfully request that the Court GRANT the Motion, set aside and vacate the Judgment [DE 33], and grant such other relief as the Court deems just and proper.

---

*{continued from previous page}*
Mr. Ivankin access to the klumba.com registrant account, neither Mr. Dubyna nor Mrs. Zueva intended to, or did, relinquish ownership of klumba.com. (Dubyna Decl. at ¶ 18(e).)

[10] In its Report and Recommendation, the Magistrate Judge found that Plaintiff need not show bad faith. [DE 28] at 5, n.1. Plaintiff, however, pleads a claim for bad faith under ACPA, admits that it must show bad faith, and sets forth nine factors the Court should consider in making a bad faith determination. *See* [DE 24] at 6-7; [DE 14] at ¶ 33. The Magistrate Judge failed to consider these factors, many of which weigh in Defendants' favor. *See* [DE 24] at 7. The Magistrate Judge discussed *in dicta* that gaining unauthorized access to klumba.com might constitute bad faith conduct under the ACPA. *See* [DE 28] at 5, n1. As set forth above, Mr. Dubyna and Mrs. Zueva own klumba.com and the KLUMBA mark. Plaintiff, not Mr. Dubyna, has exercised unauthorized access and control over the domain.

Dated: April 29, 2016

Respectfully submitted,

By: /s/ *Eric Y. Wu*

Lora A. Brzezynski, VSB No. 36151
Cass W. Christenson, (of counsel, *pro hac vice* application forthcoming)
Eric Y. Wu, VSB No. 82829
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
202-496-7500 (phone)
202-496-7756 (fax)
lora.brzezynski@dentons.com
cass.christenson@dentons.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of April, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ismail T. Shahtakhtinski (VSB 75409)
I.S. Law Firm, PLLC
1199 N. Fairfax Street, Suite 702
Alexandra, VA 22314
T: 703.527.1779
F: 703.778.0369
ismail@islawfirm.com

John Di Giacomo (Michigan Bar No. P37056)
Revision Legal, PLLC
148 E. Front Street, 3rd Floor
Traverse City, MI 49684
T: 231.714.0100
F: 231.714.0200
john@revisionlegal.com

*Counsel for Klumba.UA, LLC*

Dated: April 29, 2016

By: /s/ *Eric Y. Wu*
Lora A. Brzezynski, VSB No. 36151
Cass W. Christenson, (of counsel, *pro hac vice* application forthcoming)
Eric Y. Wu, VSB No. 82829
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
202-496-7500 (phone)
202-496-7756 (fax)
lora.brzezynski@dentons.com
cass.christenson@dentons.com
*Attorneys for Defendants*