IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| KLUMBA.UA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:15-cv-760-GBL-MSN |
| | ) | |
| DMYTRO DUBYNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT & RECOMMENDATION**

This matter is before the Court on the Motion of Dmytro Dubina to Set Aside the Entry of Default Judgment (Dkt. No. 34). For the reasons that follow, the undersigned recommends granting the Motion and setting aside the Court's judgment of April 11, 2016.

**I.      Background**

Plaintiff Klumba.ua, LLC is "limited liability company organized under the laws of Ukraine" that "own[s] and operate[s] an e-commerce website . . . selling products and providing information online to the Ukrainian public and Ukrainians located in the United States." Compl. (Dkt. No. 1) ¶¶ 1, 7. Plaintiff filed suit on June 16, 2016, against Mr. Dubyna and Klumba.com, LTD—an entity unrelated to Plaintiff Klumba.ua, LLC—which Plaintiff alleges to be "a sham entity" controlled by Mr. Dubyna. *Id.* ¶ 27. A careful reading of the initial Complaint discloses that Mr. Dubyna is in fact one of the Plaintiff company's four owners. *See id.* ¶ 6.

Plaintiff's initial Complaint alleges that in December of 2013, advertising revenues stemming from its domain name Klumba.com "suddenly stopped." *Id.* ¶ 14. Plaintiff states that it learned after a WHOIS query that "ownership and control of the domain [had been] transferred to Dmytro Dubyna." *Id.* ¶ 15. Plaintiff asserts that Mr. Dubyna "obtained unauthorized access" to

an email account controlled by Aleksey Ivankin, which he then used "to transfer the ownership of the domain" first to himself, and then "to Defendant [Klumba.com] LTD, a sham entity created for the specific purpose of stealing and controlling the Plaintiff's domain." *Id.* ¶¶ 26, 27. The initial Complaint alleges claims against Mr. Dubyna and Klumba.com, LTD under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), as well as several other claims—breach of fiduciary duty, tortious interference with contractual relations, and unfair competition, among others.

On July 20, 2015, Plaintiff moved for leave to serve process via email, physical mail, and publication under the ACPA. *See* Mot. for Alternative Process (Dkt. No. 3). The Court granted Plaintiff's Motion on July 29, 2016. See Order (Dkt. No. 8). As discussed above, however, Plaintiff was then proceeding against Movant Dubyna and Klumba.com, LTD individually. Plaintiff was not entitled to take advantage of the ACPA's alternative service provisions for its claims against the individual defendants, as that manner of service is available only in *in rem* actions under the ACPA. *See* 5 U.S.C. § 125(d)(2)(A)(ii). Plaintiff nonetheless proceeded to serve Mr. Dubyna and Klumba.com, LTD under the alternative service provisions of ACPA.

Plaintiff filed its first Motion for Default Judgment (Dkt. No. 11) on November 5, 2015. At the hearing held on the matter, the Court denied entry of default judgment under the ACPA because Plaintiff had failed to name the domain name Klumba.com as a defendant *in rem*. Plaintiff subsequently filed an Amended Complaint (Dkt. No. 14), which added Klumba.com as a *res* defendant and dismissed Mr. Dubyna and Klumba.com, LTD as individual defendants.

Plaintiff filed a second Motion for Alternative Service of Process (Dkt. No. 16), which the Court granted. *See* Order (Dkt. No. 18). After Plaintiff certified its compliance with the alternative service requirements (Dkt. No. 21), Plaintiff filed a second Motion for Default

Judgment (Dkt. No. 23), this time properly styled as an action *in rem* against the Klumba.com domain name. The undersigned recommended granting that Motion on February 26, 2016, *see* Report & Recommendation (Dkt. No. 28), and the Court entered an order adopting the Report and Recommendation on March 29, 2016. *See* Order (Dkt. No. 29). The Court entered a revised judgment at Plaintiff's request on April 11, 2016 (Dkt. No. 33).

On April 29, 2016, Mr. Dubyna filed the instant Motion to Set Aside Judgment (Dkt. No. 34). The Motion provides information not disclosed in Plaintiff's filings. It asserts that this litigation is part of a larger, ongoing dispute over ownership and control of Klumba.ua, LLC among the company's four owners. Mr. Dubyna and his wife, Natalia Zueva, are on one side of the dispute, while the remaining two business partners are on the other, with each faction controlling 50% of the Plaintiff company. The dispute has culminated in litigation in the Ukraine, which has been ongoing for approximately three years. As a result of that litigation, Mr. Dubyna has been in continuous contact with the Plaintiff company's other owners through counsel. Plaintiff has confirmed Mr. Dubyna's representations on these points.

Notwithstanding Mr. Dubyna's continuing contact with the other owners of the Plaintiff company, Mr. Dubyna claims never to have received any filing related to this lawsuit, or indeed any notice at all that the case had been filed. Mr. Dubyna represents that he only learned of this litigation after he discovered that the Klumba.com domain name had been transferred to a different registrant and registrar pursuant to this Court's order. He claims that he has no connection to or knowledge of his former codefendant, Klumba.com, LTD, and has never used the physical or email addresses associated with that entity, to which Plaintiff sent filings in this case. Mr. Dubyna asserts further that Plaintiff owns neither the "Klumba" trademark it is

3

attempting to assert in this case, nor the Klumba.com domain name. In light of the above, Mr. Dubyna asks the Court to set aside its April 11, 2016, entry of judgment.

**II.     Analysis**

Mr. Dubyna asserts two arguments in support of his Motion. First, he argues that the Court's judgment of April 11, 2016, should be set aside for lack of proper service. Second, Mr. Dubyna contends that the Court should set aside the judgment under Federal Rule of Civil Procedure 60(b). The undersigned finds that the latter argument warrants setting aside the judgment, and so need not reach the former.

"When deciding whether to set aside an entry of default [under Rule 60(b)], a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quotation marks omitted). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("Traditionally, we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense."). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. "It has been held in an extensive line of decisions" that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be

heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

With respect to the first factor—whether Mr. Dubyna acted with reasonable diligence—he claims to have discovered this litigation shortly after the Court entered the amended judgment on April 11, 2016. *See* Mem. in Supp. of Mot. to Set Aside J. (Dkt. No. 35) at 14; Dubyna Decl. (Dkt. No. 35-1) ¶ 5. Assuming this to be true—and Plaintiff does not dispute its truth—Mr. Dubyna retained foreign counsel and moved to set aside the judgment within eighteen days of discovering that it had been entered. While there is no bright line as to what constitutes "reasonable promptness," Mr. Dubyna's actions satisfy any reasonable construction of that standard. *Cf. Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (moving to set aside judgment three weeks after learning of default was reasonably prompt action); *Jones v. City of Richmond*, 106 F.R.D. 485, 489 n.4 (E.D. Va. 1985) (listing cases involving delays ranging from six weeks to four months in which the moving party was found not to have acted with reasonable diligence).

With respect to the second primary consideration under Rule 60(b), Mr. Dubyna appears to have a meritorious defense. To demonstrate a meritorious defense, a party need not show with certainty that he or she will prevail; "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). First, Mr. Dubyna alleges that Plaintiff does not own the "Klumba" trademark at issue in this case, *see* Mem. in Supp. of Mot. to Set Aside J. (Dkt. No. 35) at 16-18, which is a necessary predicate for Plaintiff's action under the ACPA. *See* 15 U.S.C. § 1125(d)(1)(A). Second, Mr. Dubyna claims that the Klumba.com domain name in fact belongs to him, as it was purchased by Mr. Dubyna and his wife and never conveyed to Plaintiff. *See*

5

Mem. in Supp. of Mot. to Set Aside J. (Dkt. No. 35) at 18-19.

Plaintiff disputes the latter contention, arguing that communications between the owners of Klumba.ua, LLC demonstrate that Plaintiff, not Mr. Dubyna and his wife, purchased the Klumba.com domain name. *See* Opposition (Dkt. No. 41) at 2. If anything, Plaintiff's argument raises doubts regarding Mr. Dubyna's claims that "should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130. Moreover, Plaintiff's opposition does not address what may be the more important argument set forth in Mr. Dubyna's Motion—that Plaintiff does not own the trademark it is attempting to assert in this action—which, if believed, would clearly "permit either the Court or the jury to find for [Mr. Dubyna]." *Moradi*, 673 F.2d at 727. Accordingly, the second crucial factor to be evaluated under Rule 60(b) favors setting aside the judgment.

Plaintiff's Opposition to the Motion does not address any of the remaining considerations under Rule 60(b), all of which appear to favor setting aside the judgment. As for "the personal responsibility of the defaulting party," *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417, while some issues remain unclear—in particular, how "Klumba.com, LTD" became the registrant of the contested domain name—it appears that Plaintiff bears much of the blame for the default in this case. Plaintiff filed documents with the Court that included Mr. Dubyna's correct mailing and email addresses, *see* Mem. in Supp. of Mot. to Set Aside J. (Dkt. No. 35) at 9, yet never successfully sent notice of this lawsuit to either address.[1] Moreover, Plaintiff has been in regular contact with Mr. Dubyna through counsel in connection with the ongoing litigation in the Ukraine. It therefore appears that Plaintiff has always been capable of providing Mr. Dubyna with notice of this litigation, but chose not to do so. Notwithstanding Plaintiff's argument

---

[1] While Plaintiff's counsel represented at the hearing that Plaintiff attempted to serve Mr. Dubyna at his physical address, it appears that service was thwarted by a typographical error. *See* Mem. in Supp. of Mot. to Set Aside J. (Dkt. No. 35) at 4 n.3.

regarding its technical compliance with the ACPA's service requirements, *see* Opp. (Dkt. No. 41) at 6, as a practical and equitable matter, Plaintiff's conduct diminishes whatever responsibility Mr. Dubyna might otherwise have borne for the default.

It is also clear that setting aside the judgment will not prejudice Plaintiff, as Mr. Dubyna's default neither hampered Plaintiff's ability to present its case, nor furthered any fraudulent purpose. *See Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009). Furthermore, there is no history of dilatory action on Mr. Dubyna's part, or any indication that the drastic sanction of judgment by default is warranted by Mr. Dubyna's conduct. In short, there is nothing in the record that would justify disregarding the "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417.

### III. Recommendation

The undersigned recommends GRANTING Defendant's Motion to Set Aside Judgment (Dkt. No. 34) and setting aside the Court's April 11, 2016 judgment.

### IV. Notice

The parties are notified as follows: Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

                                                                      /s/
                                            Michael S. Nachmanoff
                                      United States Magistrate Judge

May 11, 2016
Alexandria, Virginia