IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KLUMBA.UA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-00760-GBL-MSN ) ) |
| DMYTRO DUBYNA, et al. | ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

THIS MATTER is before the Court on the Report and Recommendation of Magistrate Judge Michael S. Nachmanoff ("Judge Nachmanoff") regarding Defendant Dmytro Dubyna's ("Dubyna") Motion to Set Aside Entry of Default Judgment (Doc. 34) obtained by Plaintiff Klumba.UA, LLC ("Plaintiff"). This case concerns alleged improper use of trademarks and domain names associated with Klumba.UA. There are two issues before the Court. First, whether the Court should adopt Judge Nachmanoff's recommendation to grant Dubyna's Motion to Set Aside Entry of Default Judgment where under Federal Rule of Civil Procedure 60(b), the Fourth Circuit has expressed a strong preference for setting aside default judgment when the defendant acts with reasonable promptness and alleges a meritorious defense. Second, should this Court not adopt Judge Nachmanoff's recommendation in relation to Rule 60(b), whether this Court should alternatively grant Dubyna's Motion for lack of proper service. The Court adopts Judge Nachmanoff's recommendation and overrules Plaintiff's objection because Plaintiff has failed to adequately object to Judge Nachmanoff's findings, and also because under Rule 60(b), Dubyna has acted with reasonable promptness and has alleged a meritorious defense. Because

the Court finds that setting aside judgment is proper on these grounds, the Court need not reach the issue of improper service.

## BACKGROUND

Plaintiff Klumba.UA, LLC is a "limited liability company organized under the laws of Ukraine" that "owns and operates an e-commerce website . . . selling products and providing information online to the Ukrainian public and Ukrainians located in the United States." Compl. (Doc. 1) ¶¶ 1, 7. Dubyna is a Ukrainian citizen, and is also one of the Plaintiff company's four owners.[1] *Id.* at ¶ 6. Plaintiff filed suit on June 16, 2016, against Dubyna and Klumba.com, LTD, an alleged "sham entity" controlled by Dubyna. *Id.* at ¶ 27. Plaintiff's initial complaint alleges that in December of 2013, advertising revenues stemming from its domain name Klumba.com "suddenly stopped." *Id.* at ¶ 14. Plaintiff states that after a WHOIS query it learned that "ownership and control of the domain [had been] transferred to Dmytro Dubyna." *Id.* at ¶ 15. Plaintiff alleges that Dubyna impermissibly transferred ownership of the domain first to himself, and then to Defendant Klumba.com LTD, a sham entity created for the specific purpose of stealing and controlling Plaintiff's domain. *Id.* at ¶¶ 26-27. Plaintiff's initial Complaint arises under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").

On July 20, 2015, Plaintiff moved for leave to serve process via email, physical mail, and publications under the ACPA. (Doc. 3). The Court granted Plaintiff's motion on July 29, 2016. (Doc. 8). However, Plaintiff incorrectly interpreted the ACPA's alternative service provisions, which is only available for *in rem* actions, to proceed against Dubyna and Klumba.com, LTD, as individuals. *See* 5 U.S.C. § 125(d)(2)(A)(ii). Plaintiff subsequently filed its first Motion for Default Judgment (Doc. 11) on November 5, 2015. At the hearing, Judge Nachmanoff denied

---

[1] Dubyna's Motion to Set Aside Default Judgment (Doc. 34) discloses that the four owners of Plaintiff Klumba.UA., LLC are Mr. Dubyna, Mrs. Natalia Zueva (Dubyna's wife), Andrey Khorsev, and Aleksey Ivankin. Mr. Khorsev and Mr. Ivankin have brought this action on behalf of the Plaintiff company.

entry of default judgment under the ACPA because Plaintiff had failed to name the domain name Klumba.com as a defendant *in rem*. (Docs. 13; 15). Plaintiff subsequently filed an Amended Complaint (Doc. 14), which added Klumba.com as a *res* defendant and dismissed Dubyna and Klumba.com, LTD as individual defendants. Am. Compl., ¶ 5. Plaintiff then filed a second Motion for Alternative Service of Process (Doc. 16), which Judge Nachmanoff granted (Doc. 18). After Plaintiff certified its compliance with the alternative service requirements (Doc. 21), Plaintiff filed a second Motion for Default Judgment (Doc. 23) against the *res* defendant Klumba.com. Judge Nachmanoff entered a Report and Recommendation (Doc. 28) on February 26, 2016, recommending that this Court grant Plaintiff's motion. (Doc. 28, 5). This Court then entered an order adopting the Report and Recommendation on March 29, 2016, and revised judgment at Plaintiff's request on April 11, 2016. (Doc. 33).

On April 29, 2016, Dubyna filed a Motion to Set Aside Default Judgment (Doc. 34) at issue in this case, which provided information regarding the parties' rights and history not disclosed in Plaintiff's filings. (Doc. 47, 3). Dubyna's motion asserts that this litigation is part of a larger, ongoing dispute over ownership and control of Klumba.UA, LLC that exists among the company's four owners. *Id.* at 3-4. Dubyna and his wife Mrs. Zueva control fifty percent of the Plaintiff company, while Mr. Khorsev and Mr. Ivankin control the other fifty percent. (Doc. 52, 3). Dubyna asserts that he has been in continuous contact with Mr. Khorsev and Mr. Ivankin as a result of this ongoing dispute. *Id.* Dubyna also maintains that he has no contacts with Virginia, and only learned of this litigation after discovering that the Klumba.com domain name had been transferred to a different registrant and registrar pursuant to Judge Nachmanoff's recommendation. *Id.* Dubyna contends that he has no knowledge of his former codefendant, Klumba.com, LTD, and has never used the physical or email addresses associated with that

3

entity, which Plaintiff sent service of notice to in this case. *Id.* at 3-4. Dubyna alleges that Plaintiff owns neither the "Klumba" trademark it is attempting to assert in this case, nor the Klumba.com domain name. *Id.*

In his second Report and Recommendation, dated May 11, 2016, Judge Nachmanoff recommends that Dubyna's Motion to Set Aside Default Judgment be granted because under Federal Rule of Civil Procedure 60(b), Dubyna has acted with reasonable promptness and alleges a meritorious defense. *Id.* at 4-5. In Plaintiff's objection to Judge Nachmanoff's recommendation, Plaintiff incorporates by reference its earlier briefs, and alleges that under the ACPA, Dubyna need not have been served in order to effectively serve notice to the *res* defendant Klumba.com, LTD. (Doc. 51, 1-2). Plaintiff did not address Judge Nachmanoff's recommendation regarding Rule 60(b). Judge Nachmanoff's Report and Recommendation is now properly before the Court.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. Fed. R. Civ. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within fourteen days of being served with a copy of the order. *Id.* The district judge to whom a case is assigned shall make a *de novo* determination of those portions of the magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636 (2000). The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.*

4

## ANALYSIS

### A. Federal Rule of Civil Procedure 60(b)

The Court adopts Judge Nachmanoff's recommendation to grant Defendant's Motion to Set Aside Default Judgment because Plaintiff did not object to Judge Nachmanoff's application of Rule 60(b), and also because Dubyna has acted with reasonable promptness and has alleged a meritorious defense. Plaintiff argues that the recommendation is improper because under the ACPA, Plaintiff made effective service to Klumba.com, LTD, and did not need to provide Dubyna with service to satisfy the requirements of the statute. Plaintiff did not address Judge Nachmanoff's application of Rule 60(b) in its objections.

First, the Court adopts Judge Nachmanoff's recommendation because Plaintiff has failed to raise an objection to the recommendation's factual and legal determinations. Under 28 U.S.C. § 636, the "district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636 (2000) (emphasis added). The Fourth Circuit has interpreted § 636 as requiring the appealing party to raise an objection with sufficient specificity to focus the district court's attention on the factual and legal issues that are truly in dispute. *See Page v. Lee*, 337 F.3d 411, 416, n.3 (4th Cir. 2003) (finding that failure to raise a sufficiently specific objection results in waiver of appellate review); *see also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court for the true ground for objection."). In *Midgette*, the Fourth Circuit concluded that § 636(b)(1) intended for a party to waive a right of appellate review for an issue by failing to file timely objections specifically directed to that issue. 478 F.3d at 621.

In the present case, Plaintiff's objection to the recommendation is focused solely on the issue of proper service under the ACPA, an issue that Judge Nachmanoff specifically stated need not be addressed. (Doc. 47, 4) ("The undersigned find that the [Rule 60(b) argument] warrants setting aside the judgment, and so need not reach the [lack of proper service argument]"). Rather, the entirety of the Report and Recommendation focused on applicability of Rule 60(b) to set aside default judgment. Because Plaintiff has offered no objection to the determinative factual and legal issues that informed Judge Nachmanoff's Report and Recommendation, namely applicability of Rule 60(b), Plaintiff has waived its ability to object to the report now. *See Midgette*, 478 F.3d at 621 (concluding that a party waives its right of appellate review of an issue under § 636(b)(1) when failing to file timely objections specifically directed to that issue). In short, Plaintiff has centered its objections on an issue not reached by Judge Nachmanoff in the Report and Recommendation, and thus Plaintiff's objections have no relevance to the recommendation's validity.

Therefore, the Court adopts Judge Nachmanoff's recommendation because Plaintiff has not actually objected to the substance of the recommendation. Plaintiff has thus waived a right of appellate review in relation to Judge Nachmanoff's Rule 60(b) analysis.

Even assuming proper objection to the recommendation, review of the Fourth Circuit's interpretation of Rule 60(b) also supports this Court accepting Judge Nachmanoff's recommendation because Dubyna has acted with reasonable promptness and has alleged a meritorious defense.

When deciding whether to set aside an entry of default under Rule 60(b), a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the

party, whether there is a history of dilatory action, and the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quotations marks omitted). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("Traditionally, we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense."). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417; *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

In the present case, Dubyna has satisfied the Fourth Circuit's requirements under Rule 60(b). Dubyna claims, and Plaintiff does not dispute, to have discovered the existence of this litigation shortly after this Court entered the amended judgment on April 11, 2016. Assuming this to be true, Dubyna retained counsel and moved to set aside the judgment within eighteen days of it being entered. While there is no bright line as to what constitutes "reasonable promptness," Dubyna's actions satisfy any fair construction of that standard. *Cf. Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (moving to set aside judgment three weeks after learning of default was reasonably prompt action); *Jones v. City of Richmond*, 106 F.R.D. 485, 489 n.4 (E.D. Va. 1985) (listing cases involving delays ranging from six weeks to four months in which the moving party was found not to have acted with reasonable

diligence). Furthermore, it is not lost on the Court that Dubyna lives in Ukraine, where he is embroiled in extensive litigation regarding this same issue. Thus, the Court finds Dubyna's response reasonably prompt in light of the circumstances surrounding this litigation.

Dubyna has also sufficiently alleged a meritorious defense. When demonstrating a meritorious defense, a party need not show with certainty that he or she will prevail; rather, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Central to Dubyna's defense are allegations that he and Mrs. Zueva are the appropriate owners of the Klumba.com domain name, and that they have never at any point conveyed that domain name to Plaintiff. (Doc. 35, 18-19). Plaintiff disputes the latter assertion, claiming that Plaintiff purchased the Klumba.com domain name rather than Dubyna and Mrs. Zueva. (Doc. 41, 2). Assuming nothing about the veracity of either party's assertions, Dubyna's argument at least raises considerable doubts regarding the validity of the current default judgment, and as such this dispute "should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130. Furthermore, Plaintiff's opposition does not address another important argument set forth in Dubyna's motion: the allegation that Plaintiff does not own the trademark it is attempting to assert in this action. (Doc. 47, 6). Taken as true, this fact alone would "permit either the Court or the jury to find for [Dubyna]." *Moradi*, 673 F.2d at 727. Therefore, the second primary factor under Rule 60(b) likewise favors Judge Nachmanoff's recommendation to set aside judgment.

The remaining supplementary considerations under Rule 60(b) all provide considerable support for adopting Judge Nachmanoff's recommendation. It cannot be reasonably argued that

Dubyna, as the defaulting party, bears more responsibility than Plaintiff in this case. Based upon Dubyna's filing, there is reason to question whether Plaintiff knew of Dubyna's correct mailing and email addresses. Additionally, nowhere in Plaintiff's objection does Plaintiff claim that setting aside the default would hamper Plaintiff's ability to present its case, nor would it further any fraudulent purpose on behalf of Dubyna. There is also no history of dilatory action on Dubyna's part, nor any indication that the drastic sanction of judgment by default is warranted by Dubyna's own conduct.

## CONCLUSION

Upon review of the record of this case, the Court adopts the findings and recommendation of Judge Nachmanoff. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Set Aside Default Judgment (Doc. 34) is **GRANTED** pursuant to Federal Rule of Civil Procedure 60(b). It is further

**ORDERED** that proceedings be directed to Judge Nachmanoff for a determination of Defendant's Motion to Stay Enforcement of Default Judgment (Doc. 36).

The Clerk is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

ENTERED this 14th day of July, 2016.

Alexandria, Virginia
07/14/16

/s/
Gerald Bruce Lee
United States District Judge