IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KLUMBA.UA. LLC<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Case No. 1:15-cv-760<br>) |
| KLUMBA.COM, a res<br>    Defendant. | )<br>)<br>) |

## ORDER

This matter came before the Court for a hearing on defendant's motions to dismiss for (i) *forum non conveniens* and (ii) failure to state a claim (Doc. 61). Plaintiff, a Ukrainian LLC, brought this *in rem* suit under the ACPA[1] seeking to compel the transfer of a domain name used by another Ukrainian company. Specifically, the Amended Complaint alleges that the domain klumba.com violates the plaintiff's U.S. common law trademark rights in the mark "Klumba" and that the domain was unlawfully transferred from the plaintiff LLC to an individual partner of the LLC and then to a new company. The defendant, seeking to avoid suit in the United States, argues that the motion should be dismissed based on the doctrine of *forum non-conveniens* because (i) Ukraine is an adequate forum, (ii) most witnesses and evidence are located in Ukraine, and (iii) there are already proceedings in Ukraine that would decide ownership of the trademark rights in the Klumba mark. In the alternative, the defendant argues that plaintiff has failed to state a claim for which relief can be granted as required by Rule 12(b)(6), Fed. R. Civ. P., because plaintiff has failed to allege that the domain was taken in "bad faith" as required by the ACPA.

Logically, the *forum non conveniens* argument will be addressed first, because if the claim would not be heard on convenience grounds, then there is no reason to address the merits of the

---

[1] 15 U.S.C. § 1125(d).

1

plaintiff's claim. A court may dismiss an action based on *forum non conveniens* where there is an adequate, available alternative forum that is more convenient in light of the public and private interests involved. *Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248 (4th Cir. 2011). The private interest factors include: (i) the ease of access to sources of proof, (ii) the availability of compulsory process to obtain unwilling witnesses, (iii) the costs of obtaining willing witnesses, and (iv) other practical problems. *Id.* at 249. The public interest factors include: (i) the administrative difficulties of court congestion, (ii) the local interest in having localized controversies decided at home, (iii) the interest in adjudication by a court familiar with the law to be applied, (iv) avoiding unnecessary conflicts of law or problems applying foreign law, and (v) the unfairness of burdening citizens in a disinterested forum with jury duty. *Id.*

A careful assessment of these factors weighs against granting dismissal for *forum non conveniens*. Although the Ukrainian forum is both available and adequate, the balance of private and public factors favors retaining the case in the Eastern District of Virginia. To be sure, there will be some burden on the parties in litigating this case in the United States, including the costs to translate and authenticate Ukrainian documents, and to bring Ukrainian witnesses to the United States. Litigation is always burdensome and expensive, and this case is no exception, but important public factors strongly support denying the motion to dismiss on *forum non conveniens* grounds. Specifically, the dispute involves (i) a res, the klumba.com domain name, that is registered with Verisign, the registry for dot com, which is located in Virginia, (ii) a question of whether the plaintiff possesses American common law trademark rights in the Klumba mark, and (iii) a cybersquatting claim governed by American law. These important public factors dictate that the balance of factors favors denying the motion to dismiss on a *forum non conveniens* basis.

Defendants have also asked for a stay pending the resolution of litigation in Ukraine, but oral argument and the briefs show that the Ukrainian litigation will not address and resolve the

2

specific questions presented in this case, namely (i) whether the plaintiff has a common law trademark right in the name Klumba, (ii) whether the defendant's use of the domain name klumba.com violates the plaintiff's trademark rights, and (iii) whether the defendant acted in bad faith when it converted the klumba.com domain name. Thus, a stay is unwarranted.

Given that the matter will not be dismissed on *forum non conveniens* grounds, it becomes necessary to consider defendant's argument that the Amended Complaint fails to allege facts supporting a plausible inference that the defendant's cybersquatting was in bad faith as required by Rule 12(b)(6). To state a cybersquatting claim under the ACPA, 15 U.S.C. § 1125(d), a plaintiff must allege facts in support of three elements: (i) the defendant has registered, trafficked in, or used a domain name, (ii) that the domain name is identical or confusingly similar to, or dilutive of, a distinctive or famous mark, and (iii) that the defendant has bad faith intent to profit from the mark. The ACPA lists nine nonexclusive factors that courts may consider in determining whether a domain name has been used in bad faith. 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(VIII); *see also Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005). Those factors include whether: (i) the defendant has concurrent trademark rights in the domain, (ii) the domain constitutes a legal or commonly used name of the defendant, (iii) the defendant engaged in prior bona fide use of the domain name, (iv) the defendant has engaged in fair use for non-commercial purposes, (v) the defendant intends to divert customers away from the mark owner, (vi) the defendant offered to sell the domain before using it for legitimate purposes, (vii) the defendant provided misleading contact information when registering for the domain, (viii) the defendant has registered multiple confusingly similar domains, and (ix) the mark incorporated in the domain name registration is or is not distinctive or famous.

The Amended Complaint (Doc. 14), alleges facts supporting the plausible inference that the defendant has acted in bad faith. The Amended Complaint alleges that the defendant stole the

3

klumba.com domain name and formed a new company for the sole purpose of holding the rights to the domain without a valid claim to the U.S. trademark rights and without engaging in commerce. The defendant has not engaged in bona fide use of the Klumba mark prior to registering the domain and the defendant has used the domain to divert consumers away from plaintiff's platform. Furthermore, the Amended Complaint alleges that the defendant was aware of the goods and services associated with the Klumba mark, and that the company defendant formed to hold the domain was not associated with those services. Based on consideration of the relevant factors, the Amended Complaint alleges facts sufficient to support an allegation of bad faith as required under the ACPA

For the reasons stated above, and for good cause shown,

It is hereby **ORDERED** that defendant's motion to dismiss for *forum non conveniens* (Doc. 61) is **DENIED**.

There is little doubt that the parties will incur substantial further expense litigating this matter in this forum and in the Ukraine, and that it is essentially a commercial dispute, which the parties should seek, at the earliest possible time, to resolve in some reasonable, amicable fashion. Nor does this seem implausible, given that the parties were originally in business together. Accordingly, it is further **ORDERED** that the parties are **DIRECTED** to contact the chambers of Magistrate Judge Nachmanoff to schedule a prompt settlement conference.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
September 11, 2017

/s/
T. S. Ellis, III
United States District Judge