**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **KLUMBA.UA. LLC,**<br><br>                            **Plaintiff,**<br>  **- against –**<br><br>**KLUMBA.COM, a res,**<br>                            **Defendant.** | **Civil Action No. 1:15-cv-00760-GBL-MSN** |

**ANSWER OF DEFENDANT KLUMBA.COM, a res, TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, KLUMBA.COM, a res, ("**Defendant**") by and through its undersigned attorneys, hereby responds to Plaintiff's Amended Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.     Admitted.

    2.     Admitted.

    3.     Denied. Upon information and belief, Klumba.com, Ltd. does not exist.

    4.     Denied as a conclusion of law.  Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

    5.     Denied as a conclusion of law.  Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

**PLAINTIFF'S BUSINESS AND HISTORY**

    6.     Admitted in part, denied in part. It is denied that Plaintiff is an internet company. It is admitted that four founders (members) of the Plaintiff each held 25% ownership.

7. Denied. Defendant specifically denies that Klumba.ua was selling products and providing information online to Ukrainians located in the United States and strict proof of same is demanded at the time of trial.

8. Upon knowledge and belief, admitted.

9. Defendant denies all allegations contained in Paragraph 9 and strict proof of same is demanded at the time of trial.

10. Defendant denies all allegations contained in Paragraph 10 and strict proof of same is demanded at the time of trial.

11. Defendant denies all allegations contained in Paragraph 11 and strict proof of same is demanded at the time of trial.

12. Defendant denies all allegations contained in Paragraph 12 and strict proof of same is demanded at the time of trial. It is specifically denied that United States consumers used Klumba.com.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they are set forth in the corresponding Paragraph. Therefore, they are denied and strict proof of same is demanded at the time of trial.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they are set forth in the corresponding Paragraph. Therefore, they are denied and strict proof of same is demanded at the time of trial.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they are set forth in the corresponding Paragraph. Therefore, they are denied and strict proof of same is demanded at the time of trial.

16. Denied as a conclusion of law. Defendant respectfully refers all questions of law

to the Court for determination at the time of trial. To the extent that the corresponding Paragraph contains factual allegations, the same are denied and strict proof of same is demanded at the time of trial.

17. Defendant denies all allegations contained in Paragraph 17 and strict proof of same is demanded at the time of trial.

18. Denied. Information in WHOIS Database is in writing and speaks for itself. It is specifically denied that Klumba.com, Ltd. is an entity that has ever existed.

### **PLAINTIFFS' MARKS**

19. Defendant denies all allegations contained in Paragraph 19 and strict proof of same is demanded at the time of trial. It is specifically denied that members of Plaintiff LLC registered the domain name Klumba.ua in 2008. Klumba.ua was registered by Natalia Zueva in 2010.

20. Admitted.

21. Defendant denies all allegations contained in Paragraph 21 and strict proof of same is demanded at the time of trial. It is specifically denied that Plaintiff has used Klumba as a mark in the United States.

22. Defendant denies all allegations contained in Paragraph 22 and strict proof of same is demanded at the time of trial.

23. Defendant denies all allegations contained in Paragraph 23 and strict proof of same is demanded at the time of trial. It is specifically denied that Plaintiff has used Klumba mark to offer information to United States consumers.

24. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial. To the extent that the corresponding Paragraph contains factual allegations, the same are denied and strict proof of same is demanded at the time

of trial.

## UNLAWFUL ACTIONS

25. Defendant denies all allegations contained in Paragraph 25 and strict proof of same is demanded at the time of trial.

26. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial. To the extent that the corresponding Paragraph contains factual allegations, the same are denied and strict proof of same is demanded at the time of trial.

27. Defendant denies all allegations contained in Paragraph 27 and strict proof of same is demanded at the time of trial.

28. Defendant denies all allegations contained in Paragraph 28 and strict proof of same is demanded at the time of trial.

29. Defendant denies all allegations contained in Paragraph 29 and strict proof of same is demanded at the time of trial.

## COUNT I
## Cybersquatting Under the Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d)

30. Defendant reasserts, realleges, and incorporates by reference its responses to the preceding Paragraphs as though they had been fully set forth herein.

31. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

32. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

33. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

34. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

35. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

36. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

37. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

38. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

39. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

40. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

41. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

42. Denied as a conclusion of law. Defendant respectfully refers all questions of law to the Court for determination at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests this Honorable Court to enter judgment in its favor and against Plaintiff, and to dismiss Plaintiff's Amended Complaint with Prejudice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims are barred in whole or in part by reason of determination of the court of Ukraine concerning the ownership of the Klumba Mark.

### Third Affirmative Defense

The claims are barred in whole or in part by the equitable doctrines of laches, equitable estoppel, judicial estoppel, and/or waiver.

### Fourth Affirmative Defense

The claims are barred in whole or in part by the doctrine of unclean hands.

### Fifth Affirmative Defense

The Amended Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

### Fifth Affirmative Defense

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

### Sixth Affirmative Defense

Plaintiff filed the lawsuit as a means by which to harass its competitor, and its improper use of the Courts constitutes an abuse of process, malicious prosecution, and unfair competition.

### Seventh Affirmative Defense

Plaintiff is not entitled to an award of attorneys' fees, costs or interest.

**WHEREFORE**, Defendant KLUMBA.COM, a res, requests that this Court:

A.  Dismiss the claims in their entirety, with prejudice;

B.  Find that Plaintiff is not entitled to any of its requested relief, or any relief whatsoever;

C.  Award Defendant such other and further relief as the Court deems just, proper and equitable.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant KLUMBA.COM, a res hereby gives notice that it may raise issues concerning the law of a foreign country in this matter; including but not limited to the laws of Ukraine.

Dated: September 15, 2017

Respectfully submitted,

By Counsel

By: __/s/ Trevor Pusch_____
Trevor Pusch, Esq.
Robert Powers, Esq.
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile: (703) 828-0205
Email: tpusch@mcplegal.com
          rpowers@mcplegal.com
*Counsel for Defendant*

Maria Temkin, Esq.
TEMKIN & ASSOCIATES, LLC

>1700 Market Street, Suite 1005
>Philadelphia, PA 19103
>Telephone: (215) 939-4181
>Facsimile: (215) 914-6975
>Email: maria@temkinlegal.com
>*Pro Hac Vice Counsel for Defendant (Approved)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2017, the foregoing *document* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>By: */s/ Trevor Pusch*
>Trevor Pusch